**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED SCENIC ARTISTS, LOCAL USA 829, IATSE,

        Plaintiff,

v.

PARADISE SQUARE BROADWAY LIMITED PARTNERSHIP, and BERNARD ABRAMS,

        Defendants.

Case No. _____

**COMPLAINT**

---

Plaintiff, United Scenic Artists, Local USA 829, IATSE, respectfully alleges:

1. This is an action to confirm and enforce a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 185 et seq.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 185.

3. Venue is proper within this judicial district pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff United Scenic Artists, Local USA 829, IATSE ("Local 829" or "Union") is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5), with its principal place of business at 29 West 38th Street, 15th Floor, New York, New York 10018.

5. Upon information and belief, Defendant Paradise Square Broadway Limited Partnership ("Paradise Square") is a domestic limited partnership organized and existing under the laws of the State of New York with an office located at 1650 Broadway, Suite 608, New York, New York, 10019.  At all times relevant hereto, Paradise Square was engaged in the business of producing a live theatrical show, and was and is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

6. Upon information and belief, Defendant Bernard Abrams ("Abrams") is a Producer of live theatrical shows residing at 155 St. Clair Ave West, Toronto, ON M4V 0A1, Canada, and with a place of business at 1650 Broadway, Suite 608, New York, New York, 10019.  Upon information and belief, at all times relevant hereto, Abrams was and is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

**FACTS**

7. Local 829 is a party to a collective bargaining agreement ("CBA") with The Broadway League, Inc. (the "Broadway League"), a multiemployer bargaining association, governing the terms and conditions of employment for scenic designers employed on theatrical productions at Broadway theaters in New York City.  The CBA applies to the Producer members of the Broadway League.  Defendant Abrams is a Producer member of the Broadway League and thus a party to the CBA.

8. In August 2021, Paradise Square and Abrams (collectively, the "Employer") signed a Letter of Adherence in which Paradise Square and any principal of Paradise Square agreed to be bound by all the terms and conditions of the CBA.

9. Pursuant to the Letter of Adherence, designers and assistant designers working the on "Paradise Square" Broadway production (the "Production") were covered by the terms of the CBA.

10. On April 12, 2022, the Union filed a grievance with the Employer concerning the Employer's alleged violation of the CBA by failing to make payments to the designers and assistant designers in seven separate categories: outstanding fees, minimum wage guarantees, pension and welfare contributions, annuity payments, out-of-pocket reimbursements, union dues, and 401(k) salary deferrals (the "Grievance").

11. The Union and the Employer were unable to resolve the Grievance in Step 1 or Step 2 of the CBA's grievance procedure, which covers "adjustment of all complaints, disputes, controversies and grievances of any kind or nature arising between the Employer and the Union concerning the interpretation, operation, application or performance of the terms of this Agreement, or any complaint, dispute, controversy, or grievance involving a claimed breach of any of the terms or conditions of this Agreement."

12. On April 29, 2022, the Union advanced the Grievance to arbitration pursuant to the CBA's grievance procedure.

13. Pursuant to the CBA, Arbitrator Carol Wittenberg (the "Arbitrator") was designated to hear the dispute and a hearing was scheduled to be held via Zoom videoconference for June 1, 2022.

14. The Employer was notified multiple times concerning its availability to attend the hearing. The Employer failed to respond to any of the Arbitrator's communications. Following the hearing date being set, the Employer was invited to attend via Zoom.

15. In light of the Employer's failure to respond to the Arbitrator's communications, the hearing proceeded ex parte.

16. Following the hearing, the Arbitrator issued an award dated June 1, 2022 (the "Award"). The arbitrator appended to the Award her sworn affirmation, issued in the County and State of New York, stating that she was the individual who executed the Award, and that it was her Award. A true and correct copy of the Award is attached hereto as Exhibit A.

17. The Award provides that the Employer violated the CBA when it failed to compensate designers and assistant designers for services rendered in connection with the Production. The Award required the Employer to pay to the Union a total sum of $156,965.85.

18. The Award also granted the following remedies: a) interest payments on unpaid pension contributions in the amount of 1% per month from April 3, 2022; b) interest on unpaid payments on welfare and annuity contributions in the amount of 5% per annum from April 3, 2022; c) in the event the Union is compelled to go to court to confirm this Award, the Employer, both Paradise Square Broadway LP and Bernard Abrams, shall be responsible for legal fees incurred by the Union to enforce the Award; and d) in the event that payment in full is not made within six months of the date of this Award, all rights to the Production owned by either Employer-Producer shall be transferred to the four Designers who have outstanding fees due, namely, Allen Moyer, Don Holder, Jon Weston, and Toni-Leslie James.

19. To date, Defendants have failed to make any payments as required by the Award.

20. The Award has not been vacated or modified by order of any court of competent jurisdiction and is still in full force and effect.

21. No prior application for the relief requested herein has been made to this or any other court or judge.

## CLAIM 1 – CONFIRMATION OF ARBITRATION AWARD

22. Plaintiff repeats and re-alleges Paragraphs 1-21 above as if set forth fully herein.

23. Plaintiff requests an order confirming the Award under well-settled federal labor law arising under the LMRA. The Award is final and binding, was issued pursuant to an agreement among the parties, and draws its essence from the parties' CBAs.

24. Plaintiff is entitled to confirmation and enforcement of the Award and entry of judgment pursuant to LMRA Section 301, 29 U.S.C. § 185.

**WHEREFOR,** Plaintiff respectfully requests that this Court confirm the Award in its entirety and order compliance therewith, directing judgment be entered thereon for the total sums awarded therein, including interest and attorneys' fees, and all rights to the Production owned by either Defendant to the Production if all sums due are not paid by December 1, 2022, with such other and further relief the Court deems just and proper.

Dated: New York, New York
July 5, 2022

        Respectfully submitted,

        SPIVAK LIPTON LLP
        1040 6th Avenue, 20th Floor
        New York, NY 10018
        Tel:    212-765-2100
        Fax:   212-765-8954
        njohnson@spivaklipton.com
        fmoss@spivaklipton.com

        By:   /s/ Nicholas J. Johnson
                Nicholas J. Johnson
                Franklin K. Moss

        *Attorneys for Plaintiff*